[No. 32713. Department Two. January 28, 1954.]

*In the Matter of the Application for a Writ of Habeas Corpus of* EVERETT CRANDALL, *Petitioner,* v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 266 P. (2d) 344.

 

*Everett Crandall, pro se.*

*The Attorney General* and *Cyrus A. Dimmick, Assistant,* for respondent.

FINLEY, J.—This is a *habeas corpus* proceeding. Everett Crandall challenges the validity of judgments imposed in two criminal cases, pursuant to which he is now serving sentences in the state penitentiary.

On April 18, 1949, the petitioner, having pleaded guilty to a charge of robbery, was placed on probation for a period of four years, by judgment of the superior court for Pend Oreille county. The probation was subject to the following conditions: that he serve one year in the county jail, less time already served while waiting sentence; that he pay $350 into the registry of the court, $250 of this to be paid to petitioner's victim in restitution; that he not leave the jurisdiction of the court without permission; and that he report monthly to the board of prison terms and paroles.

This sentence was imposed by the Honorable W. Lon Johnson, judge of the superior court for the judicial district of Pend Oreille and Stevens counties.

On December 4, 1952, petitioner was convicted on two counts of grand larceny, after trial in the superior court for Stevens county, wherein Judge Johnson also presided. Thereupon, Judge Johnson explained to petitioner and his attorney that he intended to revoke the probation which he had granted petitioner on April 18, 1949, while he was presiding judge of the superior court for Pend Oreille county. Judge Johnson asked petitioner's attorney if he would waive returning the petitioner to Newport (county seat of Pend Oreille county). Petitioner's attorney answered that neither he nor petitioner (who was present in court)

objected, and that petitioner consented to the action contemplated by Judge Johnson.

On December 7, 1951, Judge Johnson, in his capacity as judge of the superior court for Stevens county, sentenced petitioner for conviction on two counts of grand larceny to a term of fifteen years in the state penitentiary on each count, the sentences to run concurrently.

On the same day, Judge Johnson, in open court in Stevens county (but in his capacity as judge of the superior court for Pend Oreille county), signed a judgment and sentence which revoked petitioner's probation (granted in Pend Oreille county on April 18, 1949), and sentenced petitioner to not more than twenty-five years in the state penitentiary for robbery.

Petitioner has stated no facts which raise a question as to the validity of the judgment imposing the two fifteen-year sentences for grand larceny. However, referring to the revocation of his probation, granted in Pend Oreille county, and the imposition of a twenty-five year sentence for robbery, petitioner challenges "the jurisdiction of the court on the subject matter and of his person."

 Our review of the actions taken by Judge Johnson relative to the granting and revoking of petitioner's probation reveals no error at any point. Granting of probation upon terms and conditions was expressly authorized by Rem. Rev. Stat. (Sup.), §§ 10249-5a and 10249-5b, in effect in 1949. The pertinent portions of § 10249-5a provided:

"After conviction by plea or verdict of guilty of a felony offense, the court upon application or its own motion, may summarily grant or deny probation, or at a subsequent time fixed may hear and determine, in the presence of the defendant, the matter of probation of the defendant, and the conditions of such probation, if granted: . . ."

Rem. Rev. Stat. (Sup.), § 10249-5b, provided, in part:

"The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine.

"The court in the order granting probation and as a condition thereof, may in its discretion imprison the defendant in the county jail for a period not exceeding one (1) year or may fine defendant any sum not exceeding one thousand dollars ($1,000) plus the costs of the action, and may in connection with such probation impose both imprisonment in the county jail and fine and court costs. The court may also require the defendant to make full or partial restitution and may require bonds for the faithful observance of any and all conditions imposed in the probation. The court shall order the probationer to report to the Board of Prison Terms and Paroles or such officer as the Board may designate and as a condition of said probation to follow implicitly the instructions of the Board of Prison Terms and Paroles. . . ."

After sentencing petitioner for conviction of grand larceny, in the superior court for Stevens county, it was highly proper that Judge Johnson should revoke the probation in which he had theretofore suspended the imposition of sentence for conviction of robbery in Pend Oreille county. Such action was authorized and prescribed by Rem. Rev. Stat. (Sup.), §§ 10249-5c and 10249-5d, [now RCW 9.95.220 and RCW 9.95.230].

▮ The only possible question as to the validity of the judgment revoking petitioner's probation arises from the fact that such judgment was signed in Stevens county, whereas the judgment granting probation was signed in Pend Oreille county. RCW 2.08.190 provides:

"Any judge of the superior court shall have power, in any county within his district: . . . (3) to decide and rule upon all motions, demurrers, issues of fact or other matters that may have been submitted to him in any other county. All such rulings and decisions shall be in writing and shall be filed immediately with the clerk of the proper county: *Provided,* That nothing herein contained shall authorize the judge to hear any matter outside of the county wherein the cause or proceeding is pending, except by consent of the parties."

Petitioner's status as probationer arose out of his conviction in Pend Oreille county. It seems to us that, under the language of subsection (3), quoted above, it could be said his probation was a matter submitted to Judge Johnson and

actually pending in Pend Oreille county. Consequently, Judge Johnson was authorized under subsection (3) to function as he did in Stevens county, regarding petitioner's probation. In any event, under the above-quoted *proviso* of the same statute (RCW 2.08.190), the consent of petitioner and his attorney authorized Judge Johnson to function in Stevens county relative to the matter—that is, to revoke the probation and to impose sentence, without any necessity of conducting the revocation proceedings in Pend Oreille county. In this connection, we note that the judgment revoking the probation and imposing sentence was thereupon promptly filed in Pend Oreille county, in accordance with the above statute.

Our review indicates that the statutes of Washington were complied with in all respects, and that both judgments imposing prison sentences as to petitioner are valid in all respects. The petition is denied.

GRADY, C. J., SCHWELLENBACH, HAMLEY, and DONWORTH, JJ., concur.

---

March 9, 1954. Petition for rehearing denied.